MILWAUKEE COUNTY, Respondent, vs. NEW YORK
CASUALTY COMPANY, Appellant.

*November 7—December 3, 1935.*

For the appellant there was a brief by *Upham, Black, Russell & Richardson,* attorneys, and *Clark M. Robertson* and *Earl G. Lake* of counsel, all of Milwaukee, and oral argument by *Mr. Lake* and *Mr. Robertson.*

For the respondent there was a brief by *William A. Zabel,* district attorney of Milwaukee county, and *Oliver L. O'Boyle,* corporation counsel, and oral argument by *Mr. O'Boyle.*

FOWLER, J.   Milwaukee county sues John H. Kelley, deputy register of deeds, and his surety on a bond which recites that the said Kelley had been appointed as deputy register of deeds of Milwaukee county.   By the terms of the bond the signers undertook that for the term of two years from January 2, 1933, the principal would "faithfully discharge the duties of his said office," and would "pay to the parties entitled to receive the same" such damages not exceeding $3,000 as might be suffered by them in consequence of his failure so to do.   During the period the principal admittedly embezzled $5,319.16 of county funds, and there was an additional shortage in his account of $553 which he denied embezzling.   At the same time that the bond of the deputy register of deeds was executed the defendant surety company executed a like bond in like amount as surety for the register of deeds of the county.   The principal on the bond in suit interposed no defense, but the surety company by answer claimed that the bond was executed to secure the register of deeds against the defalcations of his deputy, and that by mutual mistake of the register of deeds and his deputy and the surety company a form was used which was used by the company for execution by county officers to secure the county against their defaults, and the surety asks for reformation of the bond and dismissal of the complaint.

On trial the court found, as the admitted fact is, that the county paid the premium on the bond, 'that the deputy embezzled county funds in excess of $3,000, no part of which had been repaid, and that the defendants refused payment. Judgment was awarded for $3,000 damages and costs.

There was no formal finding that the bond was not executed and delivered by mutual mistake as claimed by the defendant surety company, but the findings imply that such was not the fact.   That the trial judge so considered is made plain by his written decision in which he states that the proof fell

far short of that required for reformation of written instruments on the ground of mutual mistake, and that he was satisfied that the bond was given for the benefit of every person injured by the failure of the deputy to discharge his duties, and expressed the understanding of the parties at the time it was executed. Not only is it admitted that the premium on the bond was paid by the county, but it is also admitted that the surety company made out the bill for the premium against the county and presented it to the county for payment, and accepted and cashed the county's order issued in payment of its bill and has retained the avails of the order. The bond was introduced in evidence by the county, so that it must have been delivered to the county.

The surety company in its answer alleged, as the fact is, that the register of deeds sued on the same bond to recover for himself the amount of the penalty of the bond, but as this suit has been abandoned and dismissed, we do not see that it has any bearing upon this case. While the dismissal was without prejudice, the register of deeds manifestly cannot recover on the bond in the face of his testimony given on the trial herein, even though he is not nominally a party to this suit. It also alleges that it tendered to the defendant $3,000 in satisfaction of the $3,000 bond of the register of deeds, and that the county refused the tender. This also is beside this case. While it is true that the register of deeds and his deputy went together to the office of the surety company when the bonds were procured, and the application on its face purports to be that of John H. Kelley, the deputy, and that it was to be in favor of John W. Kelley, the register of deeds, the register of deeds testified on this trial that the coverage of the bond was what he wanted and that the language of the bond met his approval. The application names Milwaukee county as the employer and contains an inquiry as to the amount of public funds the principal would handle.

No one acting for the surety company in the transaction disputes the testimony of the register of deeds. It is suggested that the clerk who made out the bond should have used a form applicable to an individual rather than an official bond, but there is no testimony that an individual bond rather than an official bond was requested by the applicants. The managing officers of the local agency of the surety company that executed the bond testify that upon a written form of application such as was submitted, the regular course would have been to have prepared and executed an individual bond by its terms running to and payable to the register of deeds, and that the reason why the regular course was not followed in this case was that the clerk to whom the preparation of the bond was assigned used the wrong form and the signing official signed the bond supposing that the application called for an official bond. The clerk did not testify. The county paid the premium supposing the bond was given and intended to be given to afford the county the protection that the face of the bond evidenced. The surety received the money paid as premium knowing it was paid by the county, and has kept the money.

Upon the facts found by the court, the plaintiff was entitled to the judgment rendered. The evidence above stated clearly supports those findings. One seeking to reform an instrument in equity on the ground of mistake must prove the mistake relied upon by clear and satisfactory evidence. *Grant Marble Co. v. Abbot,* 142 Wis. 279, 124 N. W. 264.

*By the Court.*—The judgment of the circuit court is affirmed.